1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                        * * *
                                          )
9    REYNALDO GARCIA GARCIA,              )
                                          )
10            Plaintiff,                   )         3:11-cv-0629-LRH-WGC
                                          )
11   v.                                   )
                                          )         ORDER
12   INDYMAC BANK, F.S.B.; et al.,         )
                                          )
13            Defendants.                  )
                                          )
14

15        Before the court is plaintiff Reynaldo Garcia Garcia's ("Garcia") motion to remand.

16   Doc. #25.[1] Defendants filed oppositions to the motion. Doc. ##26, 29.

17   **I.      Facts and Procedural History**

18        In June, 2006, Garcia purchased real property through a mortgage note and deed of trust

19   originated by defendant Indymac Bank, F.S.B. ("Indymac"). Eventually, Garcia defaulted on the

20   mortgage note and defendants initiated non-judicial foreclosure proceedings.

21        Subsequently, Garcia filed a complaint in state court against defendants alleging six causes

22   of action: (1) wrongful foreclosure; (2) unjust enrichment; (3) slander of title; (4) civil conspiracy;

23   (5) declaratory relief; and (6) injunctive relief. Doc. #1, Exhibit A. Defendants removed the action

24   to federal court based upon federal question and diversity jurisdiction. Doc. #1. Thereafter, Garcia

25

26
         _____
         [1] Refers to the court's docket entry number.

1 | filed the present motion to remand. Doc. #25.

2 | **II.     Legal Standard**

3 |       Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district

4 | courts of the United States have original jurisdiction, may be removed by the defendant or the

5 | defendants, to the district court of the United States for the district and division embracing the

6 | place where such action is pending." 28 U.S.C. § 1441(a).

7 |       Removal of a case to a United States district court may be challenged by motion. 28 U.S.C.

8 | § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal

9 | statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock*

10 | *Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

11 | (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against

12 | removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67;

13 | *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

14 | **III.     Discussion**

15 |      **A. Federal Question Jurisdiction**

16 |       A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C.

17 | § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes either that

18 | federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a

19 | substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust*

20 | *for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

21 |       Garcia's complaint alleges six causes of action. Doc. #1, Exhibit A. Based on the face of the

22 | complaint, Garcia alleges only state law claims insufficient to grant federal question jurisdiction.

23 | Therefore, the court cannot exercise federal question jurisdiction.

24 | ///

25 | ///

26 |

**B. Diversity Jurisdiction**

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). Here, defendants argue that there is complete diversity between the parties because non-diverse defendant Ticor Title of Nevada, Inc. ("Ticor") is a fraudulently joined defendant whose Nevada citizenship cannot be used to defeat the exercise of diversity jurisdiction.

A fraudulently joined defendant does not  "defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder "occurs when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey*, 139 F.3d at 1318; *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1426-27 (9th Cir. 1989); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 247 (E.D. Cal. 1992). In determining whether a cause of action is stated against a non-diverse defendant, courts look only to a plaintiff's pleadings. *Gardner v. UICI*, 508 F.3d 559, 561 n.3 (9th Cir. 2007).

Nevada is a notice-pleading jurisdiction which liberally construes pleadings. *Chavez v. Robberson Steel Co.*, 584 P.2d 159, 160 (Nev. 1978). The allegations of a complaint are sufficient to assert a claim for relief when the allegations "give fair notice of the nature and basis" for a claim. *Vacation Village, Inc. v. Hitachi Am., Ltd.*, 874 P.2d 744, 746 (Nev. 1994).

In his complaint, Garcia's only allegation against Ticor is that a Ticor employee signed as an agent for another defendant in recording certain title documents. However, Garcia has failed to allege a single cause of action against Ticor resulting from this action or established how Ticor could be liable for the underlying non-judicial foreclosure. Based on the allegations in the

1  complaint, the court finds that non-diverse defendant Ticor is a fraudulently joined defendant

2  whose citizenship does not defeat the exercise of diversity jurisdiction. Accordingly, the court finds

3  that there is complete diversity between the parties and that the exercise of diversity jurisdiction is

4  appropriate.

5

6       IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #25) is DENIED.

7       IT IS SO ORDERED.

8       DATED this 3rd day of January, 2012.

9

10       _____

11       LARRY R. HICKS
       UNITED STATES DISTRICT JUDGE

4