1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                      * * *
                                         )
9   REYNALDO GARCIA GARCIA,               )
                                         )
10            Plaintiff,                   )            3:11-cv-0629-LRH-WGC
                                         )
11  v.                                    )
                                         )            ORDER
12  INDYMAC BANK, F.S.B.; et al.,         )
                                         )
13            Defendants.                 )
    _____)

14

15          Before the court is defendants NDEX West, LLC ("NDEX"); Onewest Bank, FSB

16  ("Onewest"); and Deutsche Bank National Trust Company's ("Deutsche") motion to dismiss

17  (Doc. #16[1]) to which defendant Ticor Title of Nevada, Inc. ("Ticor") joined (Doc. #20). Plaintiff

18  Reynaldo Garcia Garcia ("Garcia") filed an opposition (Doc. #33) to which moving defendants

19  replied (Doc. #36).

20  **I.      Facts and Procedural History**

21          In June, 2006, Garcia purchased real property through a mortgage note and deed of trust

22  originated by defendant Indymac Bank, F.S.B. ("Indymac"). Eventually, Garcia defaulted on the

23  mortgage note and defendants initiated non-judicial foreclosure proceedings.

24          Subsequently, Garcia filed a complaint against defendants alleging six causes of action:

25

26  _____

        [1] Refers to the court's docket entry number.

1  (1) wrongful foreclosure; (2) unjust enrichment; (3) slander of title; (4) civil conspiracy;

2  (5) declaratory relief; and (6) injunctive relief. Doc. #1, Exhibit A. Thereafter, moving defendants

3  filed the present motion to dismiss. Doc. #16.

4  **II.    Legal Standard**

5         Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure

6  to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state

7  a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading

8  standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That

9  is, a complaint must contain "a short and plain statement of the claim showing that the pleader is

10 entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require

11 detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a

12 formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S.

13 Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

14        Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

15 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting

16 *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows

17 the court to draw the reasonable inference, based on the court's judicial experience and common

18 sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility

19 standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

20 defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

21 defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

22 relief." *Id.* at 1949 (internal quotation marks and citation omitted).

23        In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

24 true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

25 the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

26

1  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

2  (internal quotation marks omitted). The court discounts these allegations because "they do nothing

3  more than state a legal conclusion—even if that conclusion is cast in the form of a factual

4  allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to

5  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

6  plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

7  **III.   Discussion**

8     **A. Wrongful Foreclosure**

9         An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the

10  plaintiff was not in breach of the mortgage contract. *Collins v. Union Federal Sav. & Loan Ass'n*,

11  662 P.2d 610, 623 (Nev. 1983). Here, it is undisputed that Garcia was in default on his mortgage

12  obligations so there can be no sustainable action for wrongful foreclosure.

13        Further, Garcia's claim is premature because the tort of wrongful foreclosure is ripe once a

14  power of sale has actually occurred and the foreclosure has been completed. *See Haley v. Elgen*

15  *Home Lending, LP*, 2010 WL 1006664, *1-2 (D. Nev. 2010). Therefore, the court finds that Garcia

16  fails to state a claim for wrongful foreclosure upon which relied can be granted.

17    **B. Unjust Enrichment**

18        To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly

19  retained money or property of another against fundamental principles of equity. *See Asphalt Prods.*

20  *Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust

21  enrichment cannot stand when there is an express written contract which guides that activities of

22  the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187

23  (Nev. 1997).

24        Here, there was a written contract between the parties, namely, the deed of trust and

25  mortgage note. These documents guided the interactions, obligations, and rights of the parties. As

26

1   such, Garcia cannot make a claim in equity for actions that are guided by a contract he is a party to.

2   *See LeasePartners Corp.*, 942 P.2d at 187-88.

3         **C. Slander of Title**

4         A claim for slander of title "involves false and malicious communications, disparaging to

5   one's title in land, and causing special damages." *Executive Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d

6   465, 478 (Nev. 1998).

7         Here, the recorded notice of default and notice of trustee's sale are not false and malicious

8   communications disparaging Garcia's title. First, Garcia concedes that he was in default on his

9   loan. Thus the notice of default, although allegedly recorded before defendants were authorized to

10  do so, does not make a false statement about the title to his property. Second, it is not false that the

11  property was to be sold at a trustee's sale. Therefore, the court finds that Garcia has failed to state a

12  claim for slander of title.

13        **D. Civil Conspiracy**

14        To establish a claim for civil conspiracy, a plaintiff must establish: (1) the commission of an

15  underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v.*

16  *Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the cause of action must be pled with particular

17  specificity as to "the manner in which a defendant joined in the conspiracy and how he participated

18  in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

19        Here, Garcia fails to plead a claim for civil conspiracy with the required specificity. Garcia

20  never identifies how each individual defendant participated or joined the conspiracy. Further,

21  Garcia does not clearly identify the underlying tort that defendants committed. Garcia merely

22  alleges that his non-judicial foreclosure was one of many executed in violation of Nevada laws.

23  Therefore, the court finds that Garcia has failed to sufficiently plead a claim for civil conspiracy

24  with the requisite specificity.

25  *///*

26

4

**E. Declaratory and Injunctive Relief**

Garcia's remaining causes of action for injunctive and declaratory relief are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not separate causes of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007) (holding that a claim for injunctive relief was not a separate cause of action or independent ground for relief). Here, Garcia's claims fail to establish a claim for relief. Accordingly, Garcia is not entitled to his requested remedies.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #16) is GRANTED. Defendants NDEX West, LLC; Onewest Bank, FSB; Deutsche Bank National Trust Company; and Ticor Title of Nevada, Inc. are DISMISSED as defendants in this action.

IT IS SO ORDERED.

DATED this 3rd day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5