UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

REYNALDO GARCIA GARCIA,

    Plaintiff,

v.

INDYMAC BANK, F.S.B.; et al.,

    Defendants.

3:11-cv-0629-LRH-WGC

ORDER

Before the court is defendants NDEX West, LLC ("NDEX"); Onewest Bank, FSB ("Onewest"); and Deutsche Bank National Trust Company's ("Deutsche") motion to dismiss (Doc. #16[1]) to which defendant Ticor Title of Nevada, Inc. ("Ticor") joined (Doc. #20). Plaintiff Reynaldo Garcia Garcia ("Garcia") filed an opposition (Doc. #33) to which moving defendants replied (Doc. #36).

**I.  Facts and Procedural History**

In June, 2006, Garcia purchased real property through a mortgage note and deed of trust originated by defendant Indymac Bank, F.S.B. ("Indymac"). Eventually, Garcia defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Garcia filed a complaint against defendants alleging six causes of action:

---

[1] Refers to the court's docket entry number.

1  (1) wrongful foreclosure; (2) unjust enrichment; (3) slander of title; (4) civil conspiracy;
2  (5) declaratory relief; and (6) injunctive relief. Doc. #1, Exhibit A. Thereafter, moving defendants
3  filed the present motion to dismiss. Doc. #16.

4  **II.   Legal Standard**

5  Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure
6  to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state
7  a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading
8  standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That
9  is, a complaint must contain "a short and plain statement of the claim showing that the pleader is
10 entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require
11 detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a
12 formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S.
13 Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

14 Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,
15 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting
16 *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows
17 the court to draw the reasonable inference, based on the court's judicial experience and common
18 sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility
19 standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a
20 defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a
21 defendant's liability, it stops short of the line between possibility and plausibility of entitlement to
22 relief." *Id.* at 1949 (internal quotation marks and citation omitted).

23 In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as
24 true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of
25 the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

*Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III.  Discussion

#### A. Wrongful Foreclosure

An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract. *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Here, it is undisputed that Garcia was in default on his mortgage obligations so there can be no sustainable action for wrongful foreclosure.

Further, Garcia's claim is premature because the tort of wrongful foreclosure is ripe once a power of sale has actually occurred and the foreclosure has been completed. *See Haley v. Elgen Home Lending, LP*, 2010 WL 1006664, *1-2 (D. Nev. 2010). Therefore, the court finds that Garcia fails to state a claim for wrongful foreclosure upon which relied can be granted.

#### B. Unjust Enrichment

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust enrichment cannot stand when there is an express written contract which guides that activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, there was a written contract between the parties, namely, the deed of trust and mortgage note. These documents guided the interactions, obligations, and rights of the parties. As

such, Garcia cannot make a claim in equity for actions that are guided by a contract he is a party to. *See LeasePartners Corp.*, 942 P.2d at 187-88.

### C. Slander of Title

A claim for slander of title "involves false and malicious communications, disparaging to one's title in land, and causing special damages." *Executive Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev. 1998).

Here, the recorded notice of default and notice of trustee's sale are not false and malicious communications disparaging Garcia's title. First, Garcia concedes that he was in default on his loan. Thus the notice of default, although allegedly recorded before defendants were authorized to do so, does not make a false statement about the title to his property. Second, it is not false that the property was to be sold at a trustee's sale. Therefore, the court finds that Garcia has failed to state a claim for slander of title.

### D. Civil Conspiracy

To establish a claim for civil conspiracy, a plaintiff must establish: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the cause of action must be pled with particular specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

Here, Garcia fails to plead a claim for civil conspiracy with the required specificity. Garcia never identifies how each individual defendant participated or joined the conspiracy. Further, Garcia does not clearly identify the underlying tort that defendants committed. Garcia merely alleges that his non-judicial foreclosure was one of many executed in violation of Nevada laws. Therefore, the court finds that Garcia has failed to sufficiently plead a claim for civil conspiracy with the requisite specificity.

///

### E. Declaratory and Injunctive Relief

Garcia's remaining causes of action for injunctive and declaratory relief are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not separate causes of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007) (holding that a claim for injunctive relief was not a separate cause of action or independent ground for relief). Here, Garcia's claims fail to establish a claim for relief. Accordingly, Garcia is not entitled to his requested remedies.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #16) is GRANTED. Defendants NDEX West, LLC; Onewest Bank, FSB; Deutsche Bank National Trust Company; and Ticor Title of Nevada, Inc. are DISMISSED as defendants in this action.

IT IS SO ORDERED.

DATED this 3rd day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE