UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REYNALDO GARCIA GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>INDYMAC BANK, F.S.B.; et al.,<br><br>    Defendants. | 3:11-cv-0629-LRH-WGC<br><br>ORDER |

Before the court is defendant Stewert Title Guaranty Company's ("Stewart") motion to dismiss. Doc. #15.[1] Plaintiff Reynaldo Garcia Garcia ("Garcia") filed an opposition (Doc. #33) to which Stewart replied (Doc. #35).

**I.  Facts and Procedural History**

In June, 2006, Garcia purchased real property through a mortgage note and deed of trust originated by defendant Indymac Bank, F.S.B. ("Indymac"). Eventually, Garcia defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Garcia filed a complaint against defendants alleging six causes of action: (1) wrongful foreclosure; (2) unjust enrichment; (3) slander of title; (4) civil conspiracy; (5) declaratory relief; and (6) injunctive relief. Doc. #1, Exhibit A. Thereafter, Stewart filed the present motion to

---

[1] Refers to the court's docket entry number.

dismiss. Doc. #15.

## II.      Legal Standard

Defendant Stewart seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing

more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III.  Discussion

In its motion, defendant Stewart argues that Garcia fails to state a single claim for relief against it. *See* Doc. #15. The court agrees.

Garcia's complaint is based on an alleged defective foreclosure of his property, beginning in early 2011, and the allegedly improper actions defendants took during the foreclosure process. *See* Doc. #1, Exhibit A. Defendant Stewart was substituted out as the trustee on the deed of trust prior to the alleged foreclosure activities. Defendant NDEX West, LLC ("NDEX") replaced Stewart as the new trustee, as was the defendant who filed the alleged improper notice of default. Further, it is undisputed that Stewart took no action in foreclosing on the property. Therefore, the court finds that Garcia has failed to state a claim against Stewart upon which relief can be granted. Accordingly, the court shall grant Stewart's motion to dismiss.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #15) is GRANTED. Defendant Stewart Title Guaranty Company is DISMISSED as a defendant in this action.

IT IS SO ORDERED.

DATED this 3rd day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE